Filed 8/28/24  P. v. Sahibi CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OUSSAMA SAHIBI,<br><br>        Defendant and Appellant. | B333568<br><br>(Los Angeles County<br>Super. Ct. No. BA220851) |

_____

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Oussama Sahibi challenges the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  In his petition, Sahibi alleged that he was eligible for resentencing because the jury was instructed on the natural and probable consequences doctrine, a doctrine abolished as a basis of murder liability by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  The trial court denied the petition, finding Sahibi had failed to make a prima facie case that he was entitled to relief because the jury did not receive the instructions Sahibi claimed.  Sahibi contends this was error, arguing that the jury instructions on implied malice, coupled with the prosecutor's closing argument, allowed him to be convicted under the natural and probable consequences doctrine.

We disagree.  The jury instructions and closing argument correctly described the doctrine of implied malice, which remains valid following the enactment of Senate Bill 1437.  (See *People v. Gentile* (2020) 10 Cal.5th 830, 850.)  The trial court did not err in determining that Sahibi is ineligible for resentencing as a matter of law and denying the petition on that basis.

## FACTUAL BACKGROUND AND PROCEEDINGS BELOW

Cognizant that neither we nor the trial court may engage in factfinding at the prima facie stage (*People v. Lewis* (2021) 11

---

[1] At the time Sahibi filed his petition, the applicable statute was found at Penal Code section 1170.95.  Assembly Bill No. 200 (Reg. Sess. 2021-2022) has since renumbered section 1170.95 as section 1172.6.  (See Stats. 2022, ch. 58, § 10.)  For clarity, we refer to the current citation at section 1172.6 throughout.  Unless otherwise specified, subsequent statutory references are to the Penal Code.

Cal.5th 952, 972), we recount the facts set forth in our prior opinion in Sahibi's direct appeal of his convictions solely to provide procedural context for the issues in the resentencing proceeding. On February 11, 2001, Sahibi and two fellow gang members went to a rival's house. (*People v. Sahibi* (Nov. 21, 2003, B161149) [nonpub. opn.].) "Shots were fired, and a neighbor, Roger Paez, went outside to see if someone needed help. More shots were fired and Paez was killed (he was shot in the face)." (*Ibid.*) The following month, Sahibi was in an argument "with a rival gang member, Josue Montes, who expected a fistfight and went into an alleyway to fight; Sahibi had a different plan, drew a revolver, and shot Montes four or five times. Montes survived . . . ." (*Ibid.*)

A jury convicted Sahibi of one count of second degree murder (§ 187, subd. (a)), one count of attempted murder (§§ 187, subd. (a), 664), and one count of assault with a firearm (§ 245, subd. (a)(2)).[2] As to the murder charge, the jury found true an allegation that he personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)) but found not true allegations that he personally discharged the firearm (*id.*, subd. (c)) and personally caused great bodily injury or death to Paez (*id.*, subd. (d)). The jury found true, however, an allegation that Sahibi committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and that a principal personally and intentionally discharged a firearm and proximately caused Paez's death (§ 12022.53, subd. (d)). On the attempted murder charge, the jury found true another gang enhancement (§ 186.22, subd.

_____

[2] The trial court stayed the sentence for assault with a firearm under section 654, and it is not at issue in this appeal.

(b)(1)), as well as an allegation that Sahibi personally and intentionally discharged a firearm and proximately caused great bodily injury to Montes (§ 12022.53, subd. (d)). The trial court sentenced Sahibi to 65 years to life in prison.

In November 2021, Sahibi filed a petition under section 1172.6 seeking resentencing on both the murder and attempted murder convictions.[3] After appointing counsel and obtaining briefing from both sides, the trial court denied the petition, finding that Sahibi had failed to make a prima facie case for relief because the jury was not instructed on any theory of guilt by imputed malice.

## DISCUSSION

### A.    Background on Resentencing under Section 1172.6

Section 1172.6 allows certain defendants convicted of murder, attempted murder, or manslaughter to petition the trial court for their convictions to be vacated and to be resentenced. To be eligible for relief under the statute, it must be the case that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) These changes to the law, enacted as part of Senate Bill 1437, amended section 188 to provide that, "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a

_____

[3] For unknown reasons, the petition is not part of the appellate record. We therefore augment the record on our own motion to include it. (Cal. Rules of Court, rules 8.155(a)(1)(A), 8.340(c).)

4

crime." (§ 188, subd. (a)(3).) The effect of this amendment was to abolish the natural and probable consequences doctrine as a basis of liability for murder. (*People v. Gentile*, *supra*, 10 Cal.5th at pp. 847-848.) Prior to the enactment of Senate Bill 1437, a defendant could be convicted of murder under this doctrine simply by acting as an accomplice in an offense that foreseeably resulted in the commission of a murder, even if the defendant did not share the mens rea of the killer. (*People v. Curiel* (2023) 15 Cal.5th 433, 449; *People v. Chiu* (2014) 59 Cal.4th 155, 164-165.)

In addition to abolishing the natural and probable consequences doctrine, Senate Bill 1437 also amended section 189 to restrict the application of the felony-murder doctrine, requiring greater proof of the defendant's personal culpability for the killing. (See *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) To convict a defendant of felony murder under the new law, the prosecution must prove that the defendant either was the actual killer (§ 189, subd. (e)(1)); acted with the intent to kill in aiding, abetting, encouraging, or soliciting the actual killer (*id.*, subd. (e)(2)); or "was a major participant in the underlying felony and acted with reckless indifference to human life" (*id.*, subd. (e)(3)).

To obtain relief under section 1172.6, a petitioner must first make a prima facie case for eligibility. (See *id.*, subd. (c).) "[T]he prima facie inquiry under [section 1172.6,] subdivision (c) is limited," and the trial court must " ' "take[ ] [the] petitioner's factual allegations as true" ' " and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 971, 972.) The court may deny a defendant's petition if the record refutes the defendant's allegation that he is eligible for resentencing (*id.* at p. 971), but this does not occur "unless the

5

record conclusively establishes every element of the offense." (*People v. Curiel*, *supra*, 15 Cal.5th at p. 463.)

If the petition survives the prima facie stage, the court must hold an evidentiary hearing at which the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by" Senate Bill 1437. (§ 1172.6, subd. (d)(3).) If the People cannot carry this burden, the court must vacate the murder conviction and then resentence the defendant on any remaining charges. (*Id.*, subd. (d)(1).)

## B. Sahibi Has Failed to Make a Prima Facie Case Because the Record Shows Unequivocally that He Was Convicted on a Still-valid Theory

In their opposition to Sahibi's petition before the trial court, the People submitted a copy of the jury instructions at Sahibi's original trial, showing that the jury was not instructed on felony murder or the natural and probable consequences doctrine. In cases where the jury did not receive instructions on murder under one of those doctrines, the trial court may conclude that the conviction remains valid, and may deny the petition at the prima facie stage because "the petitioner is ineligible for relief as a matter of law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; accord, *People v. Estrada* (2022) 77 Cal.App.5th 941, 945-946; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

Sahibi nevertheless argues the trial court erred by denying his petition at the prima facie stage because although the jury was not instructed on the natural and probable consequences doctrine, the instructions the jury did receive on implied malice, when combined with the prosecutor's closing argument, provided "the equivalent of the natural and probable consequences

6

doctrine because it told the jury that [Sahibi] could be guilty of murder without personally harboring the intent to kill." We disagree. Both the jury instructions and the closing argument accurately described the law on implied malice, and did not allow for a conviction under the natural and probable consequences doctrine.[4]

The trial court instructed the jury on implied malice pursuant to CALJIC No. 8.11 as follows: "Malice is implied when: [¶] 1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." This language remains unchanged in the current version of CALJIC No. 8.11 and comports with our Supreme Court's description of implied malice: "Implied malice does not require an intent to kill. Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses. [Citation.]" (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.)

Both the pattern jury instruction and the Supreme Court's opinion in *Gonzalez* use variations of the term "natural and

_____

[4] Sahibi claims he also stated a prima facie case for resentencing on his attempted murder conviction, but he offers no argument on this point other than that "it is . . . highly likely that the prosecution's argument affected [the attempted murder] verdict as well." Because we find nothing improper in the prosecution's argument, we affirm the trial court's denial on the attempted murder count as well.

7

probable consequences," but implied malice is a completely separate doctrine. "[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted . . . . [Citation.]" (*People v. Gentile*, *supra*, 10 Cal.5th at p. 843.) The doctrine imposed a form of vicarious liability, under which a defendant who aided and abetted a lesser, target offense could be convicted of murder " 'although his culpability regarding its commission may be no greater than that of negligence.' [Citation.]" (*Id.* at p. 844.) The Legislature enacted Senate Bill 1437 to eliminate this possibility and ensure "that a person should be punished for his or her actions according to his or her own level of individual culpability." (Stats. 2018, ch. 1015, § 1(d).)

Implied malice imposes no such vicarious liability, but rather defines murder based on the defendant's own willful "conduct that endangers the life of another." (*People v. Knoller* (2007) 41 Cal.4th 139, 143.) For this reason, every court that has considered the matter has concluded that Senate Bill 1437 "maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298; accord, *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004; see also *People v. Gentile*, *supra*, 10 Cal.5th at p. 850.)

Nothing in the excerpt of the prosecutor's closing arguments that Sahibi submitted in support of his petition is inconsistent with the principles described above. The prosecutor asked, "Did [Sahibi] do an intentional act by pulling the trigger of

8

a gun, the natural consequences of which are dangerous to human life? . . . Basically, go out, shoot up a corner, shoot somebody with complete disregard for human life. The answer to that question [is] yes. You saw what happened. He didn't care. Intent to kill is not necessary when you do an act that is inherently dangerous to human life with conscious disregard for human life."

Thus, the prosecutor did not argue, as Sahibi alleges, that he could be guilty of murder for "the mere act of pulling the trigger," but rather for willfully pulling the trigger while knowing that doing so was dangerous to human life. This was an accurate statement of the law, both at the time and following the enactment of Senate Bill 1437. Because the record demonstrates Sahibi was not prosecuted or convicted based on a natural and probable consequences theory, he is not entitled to relief under section 1172.6.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.